McCORMICK (WHEELER v.). See Cases Nos. 17,498 and 17.499.

McCORMICK (WILDER v.). See Case No. 17,650.

## Case No. 8,729.

### M'COUN et al. v. LAY.

[5 Cranch, C. C. 548.] [1]

Circuit Court, District of Columbia. March Term, 1839.

WILLS—DEVISE—CONDITIONS—INTENTION.

The testatrix, having expressed an intention "to dispose of her worldly estate," and having two grandsons, devised one half of a lot of land to one of them and his heirs forever, and devised the other part of the lot, of the same size, to the other grandson, upon certain conditions, which he complied with. *Held*, that he took an estate in fee.

[This was a bill in equity by Rebecca M'Coun and others against Richard Lay.]

This cause was submitted to the court upon a case stated. The question was whether, under the will of Susanna Fowler, her grandson Thomas John Fowler, under whom the defendant claimed, took an estate in fee, or for life. The testatrix having two grandsons, and by her will expressing an intention to dispose of her "worldly estate," devised one half of a lot of land to her grandson Elisha Fowler and his heirs forever, and then says: "The other part of this lot, of the same size, I give and bequeath to Thomas John Fowler, my grandson, on these conditions, to wit, that he shall marry, or proceed as his father shall think proper, or else he never shall inherit that which is described to him above; if he proceeds as above desired by me, Susanna Fowler, his father's order shall empower him to recover the same of the executor." This devisee complied with the conditions re-

quired, and the executor delivered to him possession of the premises. If he took only a life estate, the judgment was to be rendered for the demandants. If an estate in fee, then for the defendant.

THE COURT (MORSELL, Circuit Judge, absent) was of opinion that Thomas John Fowler took an estate in fee. Judgment for the defendant.